# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2010

No. 09-50415

Lyle W. Cayce
Clerk

PHILIP L. STOTTER, Ph.D

Plaintiff-Appellant

v.

UNIVERSITY OF TEXAS AT SAN ANTONIO; GUY BAILEY; DAVID JOHNSON

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:01-CV-434

Before DAVIS, WIENER, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Philip Stotter, formerly a chemistry professor at the University of Texas - San Antonio (UTSA), is before this court for the second time on his 42 U.S.C. §1983 case implicating due process claims arising from the alleged deprivation of property without notice and a reasonable opportunity to be heard. This time he is appealing the district court's grant of Defendant-Appellee Guy Bailey's Rule 50(b) Motion for a Judgment as a Matter of Law

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(JMOL) following a jury verdict favorable to Stotter at the conclusion of the trial that followed our remand of this aspect of Stotter's original appeal.

We affirm the judgment of the district court based on its determination that Stotter had no protectable property interest in various notebooks that are alleged to have been lost or destroyed following the cleaning of Stotter's office and laboratory at Bailey's behest.

## I. FACTS AND PROCEEDING

Stotter, a tenured chemistry professor at UTSA, was employed there from 1974 to 2002 as a research professor. UTSA provided Stotter with laboratory space, equipment, and other resources. On several occasions beginning in 1998, Stotter was informed that his laboratory and office space posed safety hazards and were otherwise not kept in good order. As early as October 31, 2000, he was informed in writing that he must address these concerns or his lab would be closed. Then, on the same day in January 2001, Stotter received two letters, one advising that his lab would be closed and that UTSA would have it cleaned out, and the other informing him that such action was being taken on instructions from Bailey in his capacity as Provost. That action then took place on February 26, 2001.

Stotter filed suit in state court in May of that year. After Stotter's suit was removed to the district court, summary judgment was granted in favor of all defendants, which judgment was affirmed on appeal except as to Stotter's due process claim against Bailey, which was remanded for further disposition. A jury trial on that claim followed.

At the close of Stotter's case and again at the close of the evidence, Bailey made motions for a JMOL pursuant to Rule 50(a), asserting that Stotter did not have a protectable interest in any of the property lost in the cleanup. Those motions were denied, and the jury found that Bailey had violated Stotter's right to notice, that Stotter had a property interest in various items in his lab, and

2

that he was entitled to $175,000 for the loss of his research notebooks, but was entitled to nothing for the alleged loss of the chemicals, glassware, and the like. Following the jury's verdict, Bailey renewed his JMOL motion, this time under Rule 50(b), which motion was granted by the district court, and judgment was rendered in favor of Bailey.

## II.  ANALYSIS

As a threshold matter, Stotter argues that the district court erred in considering Bailey's Rule 50(b) motion because it so differed in content from his earlier Rule 50(a) motions as to constitute waiver. After hearing oral argument by able counsel for both parties, considering the applicable law as presented in the parties' briefs, and reviewing the record on appeal, we are satisfied that Bailey's Rule 50(b) motion was sufficiently reflective of his Rule 50(a) motions as to avoid waiver. The district court was, therefore, entitled to consider and rule on Bailey's quest for a JMOL under his Rule 50(b) motion.

Likewise, our de novo review of the district court's ruling on Bailey's JMOL motion satisfies us that it was providently granted. Stotter failed to present sufficient evidence to establish that he had a protectable property interest in the subject notebooks. Accordingly, no reasonable jury could have found the presence of such an interest when, as here, the law does not allow it. Stotter's argument that his notebooks fall under the "scholarly or educational materials" exception in UTSA's IP policy is not borne out by the evidence. That exception would apply only if the materials at issue were published or either copyrighted or "copyrightable," yet Stotter's evidence was not sufficient to demonstrate that the notebooks in question contained material other than research data. Accordingly, the district court's JMOL reversing the jury award to Stotter is

AFFIRMED.